UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK STROZIER,

           Petitioner,

v.                                   CASE NO. 07-CV-11866
                                   HONORABLE NANCY G. EDMUNDS

JAN TROMBLEY,

           Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

### I.    Introduction

Petitioner Patrick Strozier, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree felony murder, second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced to life imprisonment without parole on the first-degree murder conviction, a concurrent term of 35 to 60 years imprisonment on the second-degree murder conviction, a concurrent term of one to four years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his pleadings, Petitioner raises a Fourth Amendment claim. Specifically, Petitioner alleges that the state trial court erred in denying his motion to suppress a coat that police claimed to have seized from his residence under the "plain view" doctrine.

1

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claim is meritless, such that the petition must be denied.

## II.   Facts and Procedural History

Petitioner's convictions stem from the shooting deaths of two men in Detroit, Michigan in 2002. The Michigan Court of Appeals described the underlying facts as follows:

> Defendant's convictions arise from the shooting deaths fo Antoine Gill and Anthony Samuels. Gill and Samuels sold drugs out of a house in Detroit, along with William Vinson. In December 2002, Gill and Samuels were fatally shot during a robbery at the drug house and Vinson was also present at the scene. Vinson pleaded guilty of two counts of second-degree murder and agreed to testify against defendant. At defendant's trial, Vinson asserted that, earlier on the night of the shooting, defendant was at the drug house and Vinson heard him discuss a plan to commit the robbery. According to Vinson, defendant left the house, but returned a few hours later with an unidentified man. Vinson maintained that defendant and the unidentified man committed the robbery and shooting.

*People v. Strozier*, No. 254122, 2005 WL 2105414 (Mich. Ct. App. Sept. 1, 2005) (unpublished).

Prior to trial, Petitioner filed a motion to suppress a tan jacket which the police obtained from his residence while attempting to locate him. The trial court conducted an evidentiary

hearing on the issue, but denied the motion finding that the jacket was admissible under the "plain view" doctrine.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting several claims of error, including the Fourth Amendment claim contained in his habeas petition. The Michigan Court of Appeals addressed the Fourth Amendment issue in some detail, but denied relief on that claim. *People v. Strozier*, No. 254122, 2005 WL 2105414 (Mich. Ct. App. Sept. 1, 2005) (unpublished).[1] Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Strozier*, 474 Mich. 1026, 708 N.W.2d 415 (2006).

Petitioner, through counsel, filed the present habeas petition on April 27, 2007, asserting the following claim:

> The trial judge reversibly erred and denied Mr. Strozier his Fourth Amendment right against unreasonable search and seizure by denying his motion to suppress a coat the police claimed to have seized from his residence.

The Court has not required Respondent to file an answer to the petition.

### III.  Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

---

[1] Petitioner was initially convicted of first-degree murder and second-degree murder for the death of Anthony Samuels and convicted of two counts of second-degree murder for the death of Antoine Gill. The Michigan Court of Appeals vacated two of the second-degree murder convictions (one for each victim) on double jeopardy grounds, but affirmed Petitioner's other convictions.

3

>any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

>Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

4

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

Petitioner claims that he is entitled to habeas relief based upon an alleged violation of the Fourth Amendment. Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509 (1980).

Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claim. The record reveals that Petitioner challenged the propriety of the search and seizure of his tan jacket by filing a motion to suppress that evidence prior to trial. The state trial court conducted an evidentiary hearing and denied the motion. Petitioner again raised this issue before the Michigan Court of Appeals and the Michigan Supreme Court, which denied him relief. Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, any claim concerning the validity of the search and seizure is not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on this claim.

## V.  Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 1, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 1, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager